UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 3:18-CR-112-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| KEVIN R. MORRISON, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **COMPASSIONATE RELEASE** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on Defendant Kevin R. Morrison's Motion for Compassionate Release. [R. 44] The United States has responded in opposition. [R. 46; R. 48] Defendant did not file a Reply. Accordingly, the matter is ripe for review. For the reasons stated herein, Defendant's Motion is denied.

**I. Background**

On July 25, 2019, Defendant pleaded guilty to being a felon in possession of a firearm. [R. 23; R. 42 (Judgment)] His Guideline range was 51–63 months imprisonment. [R. 29, ¶ 84 (Pre-Sentence Report)] Although this Court initially rejected the parties' first binding plea agreement that called for a sentence of 41 months imprisonment, the Court accepted a later plea agreement under Fed. R. Crim. P. 11(c)(1)(C) and sentenced Defendant on December 5, 2019 to 46 months imprisonment, slightly below the minimum Guideline range, followed by two years of supervised release. [R. 41; R. 42] He is currently serving his sentence at the Federal Correctional Institute at Beckley (FCI Beckley). [R. 44; *Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Feb. 17, 2021)] His projected release date is October 21, 2022. *Inmate Locator*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last

visited Feb. 17, 2021). On December 11, 2020, Defendant moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," in light of the COVID-19 pandemic. [R. 44]

## II. Legal Standard

The compassionate-release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3582(c) provides that:

> The court ***may not*** modify a term of imprisonment once it has been imposed ***except that***—
>> (1) In any case—
>>> (A) ***the court***, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, ***may reduce the term of imprisonment*** (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), ***after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that***—
>>>> (i) *extraordinary and compelling reasons warrant such a reduction . . .*
>>>>
>>>> ***and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.***

18 U.S.C. § 3582(c)(1)(A) (emphasis added). Prior to the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), only the director of the Bureau of Prisons (BOP) could move for a sentence reduction under section 3582(c). 18 U.S.C. § 3582(c)(1)(A) (2017); *United States v. Jones,* 980 F.3d 1098, 1104 (6th Cir. 2020). However, under the FSA, courts may now consider motions by defendants so long as the defendant satisfied the statute's exhaustion requirement—that is, "after the defendant has fully exhausted all administrative rights

to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Exhaustion by one of the two means listed is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833−35 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), the statute requires the Court to undertake a three-step test in reviewing compassionate-release motions. *Jones*, 980 F.3d at 1107–08. At step one, the Court must "find" whether "extraordinary and compelling reasons" warrant a sentence reduction. *Id.*; 18 U.S.C. § 3582(c)(1)(A)(i). At step two, the Court must "find" whether a reduction in the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1108; 18 U.S.C. § 3582(c)(1)(A)(i). At step three, the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). In reference to step two, the Sentencing Commission in 2006 issued its policy statement in § 1B1.13 of the United States Sentencing Guidelines and the application notes to that section. *See* 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 (2006). However, because this policy statement has not been updated since passage of the First Step Act in December 2018, the Sixth Circuit recently held that § 1B1.13 is inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons). *Jones*, 980 F.3d at 1109–11; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Consequently, in cases like this one, where the

defendant files a motion for compassionate release, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111. Further, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519. Of course, when granting a compassionate-release motion, the district court must address all three steps in its analysis. *Id.* The defendant bears the burden of establishing a sentence reduction is warranted. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

With these standards in mind, the Court will now turn to the substance of Defendant's Motion.

### III. Discussion

As an initial matter, the Court will first address whether Defendant has satisfied the administrative exhaustion requirement. *Alam*, 960 F.3d at 833−35. Mr. Morrison requested compassionate release from the FCI Beckley warden on October 26, 2020. [R. 44-1] On December 11, 2020 the request was denied. [R. 46-2] Because more than thirty days have passed since Mr. Morrison made his request to the warden and the filing of his Motion on December 11, 2020, the Motion is timely. *Alam*, 960 F.3d at 833−35.

#### A. Extraordinary and Compelling Reasons

The Court next considers whether the Defendant meets the substantive requirements for compassionate release as outlined by the Sixth Circuit in *Jones*. At step one, the Court must find that "extraordinary and compelling reasons" warrant a sentence reduction. § 3582(c)(1)(A)(i); *Jones*, 980 F.3d at 1107–08. The statute does not define "extraordinary and compelling" and, as mentioned above, the *Jones* Court recently held that the Sentencing Commission's policy

statement in U.S.S.G. § 1B1.13 is inapplicable. *Jones*, 980 F.3d at 1111. Consequently, until the Sentencing Commission updates § 1B1.13 post–First Step Act, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1110.

In his Motion, Defendant argues for compassionate release because of his special susceptibility to COVID-19. [R. 44] Defendant states that he suffers from a weakened immune system given that his spleen was previously removed, and because he suffered a broken neck and a punctured lung. *Id.* at 1. He argues these conditions place him at higher risk of severe consequences from COVID-19. *Id.* He further urges that FCI Beckley is unable to enforce safety measures aimed at combatting the spread of the virus such as social distancing and other prophylactic measures. *Id.* Mr. Morrison provides no documentation substantiating his medical concerns, but his PSR confirms most of his medical conditions. [R. 29, ¶¶ 74–75]

The United States opposes the Motion. [R. 46] The government argues Mr. Morrison's medical conditions do not qualify as "extraordinary and compelling" reasons warranting relief and that release based generally on the pandemic and the potential for infection is not sufficient. *Id.* at 5–7. The United States also argues that Mr. Morrison previously contracted the virus in September 2020 and experienced few, if any symptoms. *Id.* at 6–7. This, they argue, weighs against his current Motion because the risk of reinfection is rare. *Id.* at 6.

Mr. Morrison's health conditions are confirmed in the record, and it is conceivable they pose heightened risk should he become reinfected with the virus. Further, the fact that he previously contracted COVID and recovered does not automatically preclude compassionate release in and of itself. *See United States v. Sallee*, 6:18-cr-27-CHB-HAI (E.D. Ky. Feb. 11, 2021), ECF No. 62, at 14 (order granting compassionate release); *United States v. Coates*, No.

- 5 -

13-CR-20303, 2020 WL 7640058, at *7 (E.D. Mich. Dec. 23, 2020); *United States v. Keys*, No. 2:16-CR-00234-KJM, 2020 WL 6700412, at *5 (E.D. Cal. Nov. 13, 2020). The Court has also reviewed the BOP website that tracks COVID statistics at each BOP facility. FCI Beckley has struggled, as many prisons have, to control the spread of the virus. Currently there are two inmates positive for the virus and six staff. *COVID-19 Cases*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 17, 2021). Further, 218 out of a total population of 1,407 inmates had already contracted COVID and recovered. *Id.*; *FCI Beckley*, Bureau of Prisons, https://www.bop.gov/locations/institutions/bec/ (last visited Feb. 17, 2021). This equates to roughly 16% of the inmate population contracting the virus. Undoubtedly the dedicated staff at FCI Beckley are working hard to ensure the safety of its staff and prisoners. The Court commends their efforts to control the spread, even as every COVID diagnosis in prison is serious and must be addressed quickly and effectively. Still, even if Defendant met the first step of the compassionate-release test—that is, if the Court found "extraordinary and compelling" circumstances based on his health issues, the COVID-19 pandemic, and the conditions at FCI Beckley—the Court finds that the § 3553(a) factors (Step 3) do not warrant a sentence reduction under the particular circumstances of this case.

### B. Balancing Under § 3553(a)

Both parties failed to address the § 3553(a) factors, but in any event, the Court has ample information from the record to evaluate the statutory factors. The Court has thoroughly reviewed the briefs and the factual record in this case in light of the § 3553(a) sentencing factors (and their purpose), which include in part: the nature and circumstances of the offense; the Defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public from

further crimes, and avoid unwarranted sentencing disparities. § 3553(a)(1)–(7); *see also Jones*, 980 F.3d at 1112–16 (discussing the district court's obligation to weigh the § 3553(a) factors and provide specific factual reasons for its decision that furnish a thorough factual record for review). This Court need not "specifically articulat[e]" every single § 3553(a) factor as part of its analysis. *Jones*, 980 F.3d at 1114. Rather, the record "as a whole" (the original sentencing proceeding and the modification proceeding) must confirm the district court considered the "pertinent" factors. *Id.* at 1115. This Court has carefully reviewed the sentencing proceedings in this case (conducted by the undersigned), along with the parties' arguments and submissions related to the current Motion, and is convinced that release is not warranted under the statutory factors.

First, the "nature and circumstances of the offense and the history and characteristics of the defendant" weigh heavily against release. § 3553(a)(1). As to the "nature and circumstances," Defendant's offense was extremely dangerous. In February 2018, Louisville Metro Police received a complaint of a vehicle continuously circling a building in Louisville. [R. 29, ¶8] When officers arrived on the scene, they located Defendant, pulled him over, and recovered a loaded .38 revolver. *Id.* Defendant had previously been convicted of multiple felonies. [R. 37; R. 29] As to the "history and characteristics," Defendant's lengthy criminal history places him in Category VI, the highest level, with a remarkable 32 criminal history points (only 13 are needed to qualify for Criminal History Category VI). [R. 29, ¶ 62] His lengthy and troubling criminal history contains convictions for multiple thefts, unlawful possession of a precursor to methamphetamine, burglary, drug trafficking, DUI, wanton endangerment, fleeing and evading, and more. *Id.*, ¶¶ 26–59.

Turning to the other factors, release at this point would not "reflect the seriousness of the

offense, []promote respect for the law, and []provide just punishment for the offense." § 3553(a)(2). Indeed, granting the relief requested would undercut the dual goals of promoting respect for the law and providing just punishment, especially given that the Court sentenced Mr. Morrison, pursuant to the revised binding plea agreement, to 46 months imprisonment, below the minimum Guideline range of 51 months. [R. 29, ¶ 84; R. 42] The Court thoroughly reviewed all the § 3553(a) factors at Defendant's original sentencing hearing and has done so again. The same factors that warranted a substantial sentence also weigh against a sentence reduction. Further, the Court carefully considered the mitigating factors in Mr. Morrison's background and ultimately sentenced him to 46 months imprisonment, given these mitigating factors and the agreement of both parties pursuant to the binding plea agreement. [R. 37; R. 42] But release at this point would fail to deter criminal conduct and to protect the public, given Defendant's lengthy criminal history. Consideration of *all* the § 3553(a) sentencing factors precludes early release.

Accordingly, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** that Defendant Kevin R. Morrison's Motion for Compassionate Release, [**R. 44**], is **DENIED**.

This the 22nd of February, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY